Mr. Joseph Mittiga Government/Public Affairs Officer Little Rock School District 810 West Markham Street Little Rock, AR 72201
Dear Mr. Mittiga:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B) (Supp. 2005), for an opinion on whether the decision of the Little Rock School District to withhold release of certain records is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to-109 (Repl. 2002 and Supp. 2005). Specifically, you have provided a copy of two FOIA requests that seek "copies of any e-mails that [Superintendent Roy G. Brooks] sent to any or all members of the Little Rock School Board [on] Friday, Dec. 1, 2006[,]" and "the letter from [Superintendent Brooks] notifying [the employee] of her suspension from her job in the Little Rock School District." You have also provided copies of documents which you deem responsive to the request and which you report were determined by the District to be exempt from disclosure as "employee evaluation or job performance records." You further report that there has been no final administrative resolution of the recommended disciplinary action.
RESPONSE
In my opinion, the District's decision is consistent with the provisions of the FOIA.
Under the FOIA, "employee evaluation or job performance records" are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1) (Supp. 2005).
The requested records in question in this instance are properly classified as "employee evaluation or job performance records" within the meaning of the FOIA. The FOIA does not define the term "employee evaluation" or "job performance" record. Nor has the Arkansas Supreme Court found occasion to do so. My predecessors have opined, however, and I agree, that a notice of suspension or termination that sets forth the reasons for taking the disciplinary action constitutes an "employee evaluation/job performance record." See Op. Att'y Gen. 2003-257 (and opinions cited therein). See also Op. Att'y Gen. Nos. 2006-026, 2005-175, 2005-030 at n. 3, and 95-171. Records of disciplinary recommendations have also been deemed by this office to qualify as "employee evaluation or job performance records." See Op. Att'y Gen. Nos. 2001-246, 2000-203, and 1993-076 (and opinions cited therein).
According to my understanding, there has been no final administrative resolution of any suspension or termination proceeding. Such resolution is a necessary prerequisite to the release of employee evaluation or job performance records. Id. Consistent with previous opinions of this office, therefore, it is my conclusion that the District has properly withheld the requested records from disclosure pursuant to A.C.A. §25-19-105(c)(1), supra.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh